UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Jacko | Civil Action No. 20-cv-00162 |
| Versus | Judge Michael J Juneau |
| DG Louisiana LLC, et al | Magistrate Judge Carol B Whitehurst |

**REPORT AND RECOMMENDATION**

Before the Court upon referral from the district judge, is a Motion for Remand filed by Plaintiff, Michael Jacko, [Rec. Doc. 10] and Defendant, DG Louisiana, LLC's ("DG"), Opposition Memorandum [Rec. Doc. 14], Plaintiff's Reply [Rec. Do. 19] and DG's Surreply [Rec. Doc. 22]. For the reasons that follow, the Court will recommend that Plaintiff's Motion be denied.

**I. FACTUAL BACKGROUND**

This action arises from plaintiff, Michael Jacko's, alleged slip and fall accident that occurred on May 15, 2018, at the Dollar General Store located at 736 N. Main St. Opelousas, Louisiana ("the Store"). As a result, Plaintiff filed a petition for damages in the Twenty-seventh Judicial District Court for the Parish of St. Landry against DG Louisiana LLC and S.A.M. Properties, LLC ("Defendants").

On February 5, 2006, Defendants removed this action on the basis of diversity jurisdiction. *R. 1*. There is no dispute that Plaintiff is a Louisiana citizen; nor is it disputed that DG Louisiana, LLCs' sole member is Dolgencorp LLC, a foreign

limited liability company organized under the laws of the State of Kentucky and that S.A.M. Properties LLC is a Louisiana citizen for purposes of diversity jurisdiction. Although complete diversity appears to be lacking, DG asserts that Plaintiff has no arguable claim against S.A.M. because "DG is responsible for maintenance and repair of the Store, including the roof." *Id., at ¶ VIII, b.*

Plaintiff maintains that S.A.M. was properly joined in this case and therefore this Court lacks jurisdiction. Accordingly, Plaintiff filed the instant Motion to Remand. [Rec. Doc. 10].

## II. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc.*

*& Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "The party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*). To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under the second test, applicable in this case, the removing party must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an instate defendant." *Smallwood*, 385 F.3d at 573.

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.

3

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. Where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," however, the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id*. Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

  A. *The Parties Contentions*

Plaintiff contends that, under Louisiana Civil Code Article 2317.1, S.A.M., in its capacity as owner and custodian of the Store, owed a duty to keep the property in a reasonably safe condition including discovering an unreasonably dangerous condition, and either correct it or warn potential victims of its existence. Thus, S.A.M., as owner/lessor of the Store building, owed a duty to Plaintiff for the injuries he suffered and Plaintiff has alleged a viable claim against S.A.M.

DG argues that complete diversity exists because Plaintiff has failed to state a valid claim against S.A.M. DG contends that, pursuant to a lease agreement between

S.A.M. and DG, DG (not S.A.M) is responsible for maintenance and repair of the Store. It further contends that the lease language also shifts liability for any injury at the Store premises to DG. Because the Plaintiff has failed to allege that S.A.M. had knowledge of the alleged defect and DG has shown by affidavit that S.A.M. did not know or have knowledge of the alleged defect, S.A.M. cannot be held liable.

    B.    *Diversity Jurisdiction*

In order to avoid remand, DG must establish that S.A.M. was improperly joined. If S.A.M. is a properly joined defendant, then complete diversity does not exist and this Court lacks jurisdiction. While the Court will address diversity as to citizenship based on DG's improper joinder contentions, the Court must also confirm that the amount in controversy exists. DG asserts it is facially apparent that Plaintiff's claim will exceed $75,000 and points to Plaintiff's interrogatory responses which show Plaintiff's medical records and expenses. *R. 1-3, 1-4*. The records indicate that since the accident, Plaintiff underwent a cervical MRI which showed several disc protrusions and received a recommendation for cervical facet injections. Also, Plaintiff has had knee replacement surgery and will require injections and continuing medical treatment on his knee. Prior to the knee replacement surgery Plaintiff's medical expenses totaled $8,183.52, which DG states will "more than likely increase given his knee replacement surgery, injections and continuing medical treatment in excess of $75,000." *R. 1, at 13*. On this basis, as

well as the need for future treatment for the disc protrusions, the Court agrees that the jurisdictional threshold amount has been met. Thus, the sole issue before the Court is whether S.A.M. was properly joined. Because there is no dispute that S.A.M. is, in fact, a Louisiana citizen, the Court must determine whether Plaintiff has stated a claim against S.A.M.

### C. *Improper Joinder*

Plaintiff alleges, and DG does not dispute, that Louisiana Civil Code Article 2317.1 imposes responsibility on the owner/custodian of a building, such as S.A.M., to keep the premises free from defects causing harm to another.[1] It is also undisputed that,

> The general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence.

*Prior v. Iberia Parish School Board*, 60 So.3d 594, 596 (La. 2011).

Finally, it is undisputed that, "[t]o recover for damages caused by a defective thing, the plaintiff must prove the following: (1) the thing was in the defendant's

---

[1] Article 2317.1 states:
"The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

custody, (2) the thing contained a defect which presented an unreasonable risk of harm to others, (3) the defective condition caused the damage, and (4) the defendant knew or should have known of the defect. *Perkins v. Air U Shreveport, LLC*, 249 So.3d 187, 192 (La.App. 2 Cir. 2018).

DG does dispute, however, that Plaintiff has satisfied his burden of proof as to S.A.M.'s knowledge of the defect—water leaking from the roof. DG argues that Plaintiff's allegations that S.A.M. knew or should have known of the existence of the water leak are merely general allegations. Plaintiff alleges in his petition that "S.A.M. knew or should have known of the existence of the unreasonably dangerous condition" and "S.A.M. had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and failed to exercise reasonable care." *R. 1, ¶¶ 7, 8*. Plaintiff contends that these allegations have "adequately stated a cause of action against S.A.M." *R. 19, p. 1*.

DG cites *Giles v. Wal-Mart La., LLC,* 2016 WL 2825778 (E.D. La. May 13, 2016) in support of its position that federal courts have rejected such general allegations as stating a cause of action in the context of an improper joinder of a landlord. The plaintiff's allegations as to the landlord's knowledge in *Giles* were similar to Plaintiff's in this case.[2] The court rejected the allegation regarding the

---

[2] In *Giles* the plaintiff alleged that, "all defendants had actual or constructive knowledge that an unreasonably dangerous condition existed and/or that a hole in the floor of the premises existed." *Id. at \*5.*

landlord's actual or constructive knowledge of the defective condition finding that the "bald assertion" was an "insufficient", "conclusory allegation" that the court was not required to accept in considering whether lessor of property had actual or constructive knowledge of the alleged defect. *Id. at \*6.*

DG further contends that the Lease Agreement between DG and S.A.M. shifts liability for injury on the Store's premises from S.A.M. to DG. According to DG, the Store was originally built and leased by its former owner, Ratcliff Development, LLC ("Ratcliff"). *R.14, at 7.* S.A.M. then purchased the property from Ratcliff and entered into a purchase agreement with Ratcliff in which Ratcliff assigned to S.A.M. its rights as lessor in the existing lease with DG. At the time of the subject incident, DG was the lessee under the Lease Agreement and S.A.M. was the owner/lessor of the Store. The language in the Lease Agreement stated that DG "shall ... keep and maintain or cause to be kept or maintained in good repair and condition the Demised [Store] premises." *R. 1-2, p.5. Id. at p. 20, Lease Agreement, § 3.* Further, the provision "expressly provided" that the lessor "shall not be required to furnish any maintenance, services or facilities or to make any improvements, repairs or alterations in or to the [Store]. *Id.*[3]

---

[3] The Lease Agreement stated:
    3. Maintenance

        Subject to Landlord's warranties in Landlord's work and Landlord's indemnity obligations contained in Section 1.8, Tenant shall, at all times during the term of this lease, and at its own cost and expense, keep and maintain or cause to be kept or maintained in good repair and condition the

In light of the aforesaid provision, DG cites La. R.S. 9:3221 which provides that the owner who shifts responsibility for the condition of the premises "is not liable for injury caused by a defect therein to the lessee or anyone on the premises who derives his right to be therein, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time." To establish liability on the part of a lessor who has passed on responsibility for the condition of his property to his lessee, "a plaintiff must establish that (1) he sustained damages; (2) there was a defect in the property; and (3) the lessor knew or should have known of the defect." *Smith v. French Mkt. Corp.*, 886 So. 2d 527, 530 (La. App. 4 Cir. 2004).

In support of its position that S.A.M. had no knowledge of any structural defects and no complaints had been made regarding water in the Store from a leaking roof, DG attached to its Notice of Removal an affidavit of Ardeshir Zarei, the managing member of S.A.M., who entered into the Lease Agreement. *R. 1-2*. Zarei states that he had no knowledge of any issues or problems with the Store's roof, specifically any leaks, and at no time was he notified of any such issues. Zarei further states that based upon his review of documents and records related to the Store, neither he nor any representative of S.A.M., including contractors or repair persons,

---

Demised premises and all buildings and improvements at anytime erected herein. Unless expressly provided herein, Landlord shall not be required to furnish any maintenance, services or facilities or to make any improvements, repairs or alterations in or to the Demised premises during the term of this lease.

9

inspected or repaired the Store roof, or had notice of any need for such. *Id.,* ¶¶ 8 – 15.

Plaintiff argues that pursuant to "caselaw" the Court should not consider the Zarei affidavit because Plaintiff is not required to provide additional factual support for his claim when it is clear his petition establishes a cause of action against a non-diverse defendant. The Court disagrees. Plaintiff's allegations related to S.A.M.'s knowledge are merely conclusory and therefore omit "discrete facts that would determine the propriety of joinder." Thus, the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether S.A.M., the non-diverse defendant, has been improperly joined. *See, Smallwood*, 385 F.3d at 573; *McLain v. Herrington*, 2020 WL 1025527, *11 (W.D.La. 2020) ("merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant, does not mean that the joinder of the resident defendant is proper ... the defendant may challenge the plaintiff's allegations and attempt to demonstrate by "summary-judgment-type" evidence that the plaintiff is unable to prove all the facts necessary to prevail.").

In this case, the Lease Agreement language clearly shifts liability for any injury at the Store premises to DG. The lease requires DG to keep and maintain or cause to be kept or maintained "in good repair and condition" the "Demised premises." Further, based on the Zarei affidavit, it is clear that S.A.M. did not have

knowledge of or receive notice of the alleged Store defect. Plaintiff's general allegations that the S.A.M. had actual or constructive knowledge of and knew and should have known of the defective condition are conclusory allegations that fail to state a claim against S.A.M. and thereby fail to support Plaintiff's motion to remand.

D. *Lease Warranties*

Plaintiff's remaining arguments that S.A.M. *may* be liable to Plaintiff are based on Lease language covering the landlord's warranties. However, as DG has established and Plaintiff does not dispute, S.A.M. entered into the Lease Agreement in January 2016 (after the Store had been built) and had nothing to do with the construction. The warranties related to latent (1-year) or latent (3-year) defects on the Store's premises had expired at the time of the May 1, 2019 instant incident.[4] Moreover, Plaintiff's petition provides no specific factual allegation of any defect; certainly not one caused by S.A.M.'s omitted and/or substandard work.

### III. CONCLUSION

For the above reasons,

**IT IS RECOMMENDED** that the Motion for Remand filed by Plaintiff, Michael Jacko, [Rec. Doc. 10] be **DENIED**; **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendant S.A.M. Properties, L.L.C. be **DISMISSED**

---

[4] The Lease Agreement indicates that Delivery date was January 29, 2016 and Commencement date was 60 days later, March 29, 2016. *R. 1-2, Lease Agreement, pp. 3, 6.*

**without prejudice**; **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Costs [Rec. Doc. 10] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, this 15th day of May, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE