UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL JACKO** | **CASE NO. 6:20-CV-00162** |
| **VERSUS** | **JUDGE JUNEAU** |
| **DOLGENCORP LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Compel (Rec. Doc. 44). Defendants opposed the Motion (Rec. Doc. 55). Following a telephone hearing, the Court allowed Plaintiff to file a response. (Rec. Doc. 61).

Plaintiff filed suit in state court in April 2019 following an alleged slip and fall accident in a Dollar General store. (Rec. Doc. 1-1). In August 2019, Defendants responded to Plaintiff's discovery in state court requesting information pertaining to the leaking roof which allegedly caused Plaintiff's slip and fall accident. (Rec. Doc. 44-7). At that time, Defendants did not provide any information pertaining to the alleged roof leak, because "Plaintiff ha[d] not formally advised [of] the specific area" where the incident occurred. (Id.) Defendants reserved the right to amend and supplement their answers. (Id.) Thereafter, in February 2020, Defendants removed the case to this Court. (Rec. Doc. 1). The parties deposed witnesses in February 2020 and Plaintiff in September 2020 (Rec. Doc. 44-3; 44-4; 44-5). In August 2021, Plaintiff requested that Defendants supplement their discovery responses with

information regarding the roof leak since depositions had revealed more information about the location of the incident. (Rec. Doc. 44-6).

Plaintiff did not propound new discovery in federal court after the case was removed. The discovery deadline expired on September 3, 2021. (Rec. Doc. 43).

Defendants' primary argument in opposition to Plaintiff's Motion to Compel is that the Court cannot compel a party to respond to discovery propounded in state court. Defendants' position is supported by the jurisprudence. *Menard v. Midwest Med. Supply Co.,* No. 6:11-CV-01517, 2012 WL 5900744, at *1 (W.D. La. Nov. 21, 2012); *Miciotto v. Hobby Lobby Stores, Inc.,* No. 6:19-CV-00735, 2020 WL 132766, at *1 (W.D. La. Jan. 10, 2020).

Regardless of the Court's authority to compel a party to supplement discovery answered in state court, "it is well established that 'control of discovery is committed to the sound discretion of the trial court' and a 'trial court enjoys wide discretion in determining the scope and effect of discovery.'" *Miciotto*, *supra*, citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) and *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017). See also *Crosby v. Louisiana Health Serv. & Indem. Co.,* 647 F.3d 258, 261 (5th Cir. 2011). (The court is vested with "broad discretion when deciding discovery matters."); *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012), citing *Hodges v. United*

*States,* 597 F.2d 1014, 1018 (5th Cir.1979). ("[T]he district court has 'broad discretion to preserve the integrity and purpose of the pretrial order.'")

The Court finds that even if it lacks the authority to compel Defendants to supplement discovery answered in state court, the Court may adjust discovery deadlines within its broad discretion. The Court finds that such action is warranted in this case where defendants specifically reserved the right to amend and supplement their answers citing the early stage of discovery, where plaintiff made a direct request for supplementation of the particular discovery requests within the discovery deadline, and where the trial date has been continued and additional deadlines extended.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Compel (Rec. Doc. 44) is GRANTED IN PART AND DENIED IN PART. The Motion is denied insofar as it seeks to compel Defendants to supplement its previous responses. For the reasons discussed during the September 21, 2021 telephone hearing, the Motion is granted to the extent it seeks to compel Defendant to produce the corporate representative it intends to call at trial for a deposition. Plaintiff shall provide a notice and the parties shall confer as required by Rule 30 by September 24, 2021.

IT IS FURTHER ORDERED that Plaintiff shall have until September 24, 2021 to propound discovery identical to Interrogatories 8, 15, 16, and 18 and

requests for production 10, 11, 13, and 17 under Rules 33 and 34. Defendants shall provide complete responses within seven (7) days of receipt thereof.

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE